UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-23293-JLK/Becerra

KAT FLORENCE, LLC, A Florida
Limited Liability Company,

      Plaintiff,

v.

ELUMEO SE,

      Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR COSTS PURSUANT TO 28 U.S.C. § 1919[1]**

**THIS CAUSE** came before the undersigned on Defendant Elumeo Se's Motion for Costs Pursuant to 28 U.S.C. § 1919 ("Motion"). ECF No. [52]. Attached to the Motion are copies of its Bill of Costs and corresponding invoices. ECF No. [52-1]. Plaintiff Kat Florence, LLC filed a Response to the Motion and Defendant filed a Reply. ECF Nos. [55], [56]. Upon due consideration of the Motion and supporting documentation, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that the Motion, ECF No. [52], be **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND**

On September 13, 2021, Plaintiff filed this action against Defendant asserting claims for defamation and tortious interference with business relationships. ECF No. [1]. The Complaint alleged that Defendant was a foreign company organized under the laws of Germany. *Id*. at ¶ 2.

---

[1] This Matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge. ECF No. [53].

Accordingly, Plaintiff made efforts to serve Defendant in accordance with the requirements of the Hague Convention.  ECF Nos. [4], [6].

The record reflects that in May 2022, the German Senate Department for Justice ("German Department for Justice") granted Plaintiff permission to serve the Complaint upon Defendant in Germany and issued an order of service.  ECF No. 13-1 at ¶¶ 12-13.  However, in July 2022, Defendant filed an appeal seeking to repeal the order of service and prohibit the lower court from issuing a certificate of service.  *Id*. at ¶¶ 15-16.

While Defendant's appeal was pending in Germany, on August 2, 2022, Plaintiff filed a Motion for Default in this action.  ECF No. [9].  Plaintiff asserted that it effectuated service of process on Defendant on June 2, 2022 when Defendant received the order of service and a copy of the Complaint from the German Department of Justice, and Defendant failed to file its response to the Complaint within the deadline to do so.  *Id*. at  2-3. On August 4, 2022, the Clerk of Court entered a Default against Defendant.  ECF No. [12].

Shortly thereafter, on August 18, 2022, Defendant filed a Special Appearance Motion to Vacate Entry of Clerk's Default.  ECF No. [13].  Defendant argued that entry of a default was improper because Plaintiff had not completed service of process in compliance with the Hague Convention.  *Id*.  In support of its argument, Defendant attached a letter from the German Department for Justice, as well as a certified translation thereof.  ECF No. [13-2].  Defendant also asserted that it intended to present meritorious defenses to the Complaint, namely lack of personal jurisdiction and ineffective service of process.  ECF No. [13].  Defendant later filed a Motion to Dismiss in which it argued that the Court should dismiss the Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  ECF No. [20].

On November 8, 2022, the Court entered an Order Granting Defendant's Motion to Set Aside Default. ECF No. [21]. Thereafter, Plaintiff filed an Amended Complaint. ECF No. [30]. Defendant filed another Motion to Dismiss, again arguing that it was not subject to personal jurisdiction and that Plaintiff failed to state a claim for relief. ECF No. [35]. For its part, Plaintiff filed a Motion to Change Venue. ECF No. [34]. After the parties fully briefed both Motions, the Court heard oral argument. ECF No. [49]. On February 7, 2023, the Court granted Defendant's Motion to Dismiss for lack of personal jurisdiction. ECF No. [51]. The instant Motion followed.

## II.   INSTANT MOTION

Defendant filed a Motion for Costs Pursuant to 28 U.S.C. § 1919. ECF No. [52]. Defendant argues that the award of costs "is controlled by the permissive fee statute 28 U.S.C. § 1919" because the action was dismissed for lack of personal jurisdiction. *Id.* at 6. Defendant asks the Court to award it costs totaling $1,039.52 as follows: (i) $400 in *pro hac vice* admission fees for two of its attorneys, (ii) $237.12 for an expedited transcript of the oral argument, (iii) $50.28 for printed materials used by counsel to prepare for and participate in the oral argument,[2] and (iv) $250.00 to translate the letter from the German Department of Justice from German to English. ECF No. [52] at 6-7.

Plaintiff opposes an award of costs. ECF No. [55]. Plaintiff agrees that an award of "just costs" under Section 1919 is available when, as here, an action is dismissed for lack of jurisdiction. *Id.* at 3. However, Plaintiff argues that the Court should be guided by fairness and utilize the standards governing the award of taxable costs under 28 U.S.C. § 1920 when determining whether the requested costs are "just costs" under Section 1919. Plaintiff contends that *pro hac vice* fees

---

[2] Defendant initially requested $152.40 for printed materials, but reduced that amount to $50.28 in its Reply after conceding that the cost of binders and delivery charges are not recoverable. ECF No. [56] at 7.

should be denied because they are an expense of counsel. *Id*. at 4-5. Plaintiff also argues that Defendant failed to demonstrate than an expedited transcript of the oral argument was necessary. *Id*. at 6. Plaintiff similarly argues that Defendant failed to show that the printed materials used at oral argument were reasonably necessary. *Id*. at 7. Finally, Plaintiff asserts that translation costs are not recoverable because the letter from the German Department of Justice "provide[d] no apparent value to this lawsuit" and "ha[d] absolutely nothing to do with Defendant's Motion to Dismiss, and thus, are not 'just costs' associated with a dismissal for lack of jurisdiction…." *Id*. at 8.

### III.  ANALYSIS

Title 28 U.S.C. § 1919 provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of *just* costs." 28 U.S.C. § 1919 (emphasis added). The parties do not dispute that Section 1919 applies here, as the Court dismissed Plaintiff's Amended Complaint for lack of personal jurisdiction. The undersigned agrees that Defendants may recover "just costs" under Section 1919. *See Flick Mortgage Investors, Inc. v. Metropolis Promotion Investments & Properties (1993) Ltd*., No. 04-cv-21900, 2008 WL 11417665, at *4 (S.D. Fla. March 25, 2008) (awarding costs under § 1919 where case dismissed for lack of personal jurisdiction) (citing *Religious Tech. Center v. Liebreich,* 98 Fed.Appx. 979, 986 (5th Cir. 2004)).

A determination whether "just costs" should be awarded under Section 1919 is a matter within the sound discretion of the district court. *See Grigorian v. FCA US, LLC*, No. 18-cv-24364, 2021 WL 5605542, at *2 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, No. 18-cv-24364, 2021 WL 5579276, at *1 (S.D. Fla. Nov. 30, 2021) (citations omitted). Although the term "just costs" is not synonymous with taxable costs awarded under 28 U.S.C. § 1920, "the standards

4

applied for awarding taxable costs [under § 1920] may be helpful in determining what costs are just." *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858, 2019 WL 5188601, at *16 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 6:16-cv-1858, 2019 WL 5176284, at *1 (M.D. Fla. Aug. 13, 2019) (quoting *Health Science Distribs. Co. v. Usher-Sparks*, Case No. 6:10-cv-1797, 2012 WL 12918262, at *2 (M.D. Fla. June 20, 2012)); *see also Grigorian*, 2021 WL 5605542 at *2 ("While 'just costs' under § 1919 are different than the taxable costs available to the prevailing party under 28 U.S.C. § 1920, courts have found the standards applied under § 1920 are useful in interpreting which costs are 'just'.") (citing *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998)).

Section 1920 permits taxation of the following costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and Disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. § 1920.

### A. Defendant Is Not Entitled To Fees For *Pro Hac Vice* Admissions.

Defendant seeks to recover $400.00 for *pro hac vice* admission fees incurred for two of its out of state attorneys, Justin Sher, and Robert C. Penn Jr. ECF Nos. [52] at 6, [52-1] at 3–8. Defendant argues that these fees are recoverable because: (1) they "were reasonably necessary costs for its defense," (2) out of state counsel "were closely involved" in drafting the letter that formed the basis of Plaintiff's lawsuit, and (3) "[Defendant], not its counsel, bore the cost of the admission

5

fee." ECF No. [56] at 4-5. Defendant contends that the Court "may (and should) exercise its discretion under section 1919 to award *pro hac vice* fees" because it "is not bound by the strictures of section 1920[.]" ECF No. [56] at 3. Plaintiff responds that *pro hac vice* fees should not be awarded because the attorneys did not apply for admission until more than a year after this action began, and "[i]t is neither Plaintiff's nor Defendant's burden that both [attorneys] are not admitted within this District." ECF No. [55] at 9.

As mentioned, the Court has "broad discretion under § 1919, particularly as the statute is permissive in that the Court 'may' grant costs, and the cost themselves are qualified by the word 'just'." *Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1262 (S.D. Fla. 2009). This language "gives the Court leeway to award costs or not award costs as it sees fit." *Id.* at 1262. Courts in this District have denied the award of *pro hac vice* fees unless the movant demonstrates that competent in state attorneys were unavailable. *See e.g., Exhibit Icons, LLC v. XP Companies, LLC*, NO. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) (denying award of *pro hac vice* fees because "Plaintiff ought not to bear a cost resulting from Defendants choosing an out of state attorney to defend themselves when competent in-state attorneys were available."); *Zarra v. Sun Sentinel Co.*, No. 12-60542-CIV, 2013 WL 704770, at *2 (S.D. Fla. Feb. 26, 2013) (finding *pro hac vice fees* were not recoverable because "even though competent in-state attorneys were available, Defendant chose to retain two out-of-state lawyers to help defend it in this case.") (citation omitted); *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2019 WL 12278758, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, No. 14-21385-CIV, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020) (concluding that *pro hac vice* fees are not recoverable under Section 1920) (citations omitted). Defendant has not shown that it was unable to retain competent in-state counsel.

Further, Defendant's reliance on another decision from this District, *Mardegan v. Mylan, Inc.*, is misplaced. *Mardegan*, No. 10-14285-CIV, 2012 WL 12850765, at *2 (S.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, No. 10-14285-CIV, 2012 WL 12850766 (S.D. Fla. May 15, 2012). In *Mardegan,* the court awarded *pro hac vice* fees because out of state counsel had specific experience in the subject matter of the lawsuit, which was "one of several lawsuits involving their drug, the Transdermal Fentanyl patch." *Id*. at *2. Thus, the *Mardegan* court found that "Defendants had a reason for seeking the pro hac vice admission of the particular attorney." *Id*. The same is not true here. While Defendant states that its out of state counsel was involved in drafting a letter that forms the basis of this action, ECF No. [56], this does not amount to specialized legal expertise that was necessary for its defense of this action. Thus, Defendant has failed to demonstrate that the cost of its decision to utilize *pro hac vice* counsel should be shifted to Plaintiff.

For these reasons, the undersigned concludes that *pro hac vice* fees do not constitute "just costs." Therefore, the undersigned **RECOMMENDS** that the Court decline to award Defendant the costs of *pro hac vice* admission for two of its attorneys.

### B. Defendant Is Entitled To Costs For The Expedited Transcript.

Defendant seeks $237.12 in costs for an expedited transcript of the oral argument on Defendant's Motion to Dismiss and Plaintiff's Motion to Change Venue. ECF Nos. [52] at 7, [52-1] at 10. Plaintiff argues that this cost is not recoverable because it was incurred for the convenience of counsel. ECF No. [55] at 6. Plaintiff is correct that "[f]ees for expedited transcripts are not recoverable where such services are for the convenience of counsel." *Grimsley v. Focus Financial Services*, No. 15-cv-81263, 2016 WL 11547367, at *3 (S.D. Fla. July 22, 2016) (citation omitted), *report and recommendation adopted*, No. 15-cv-81263, 2017 WL 2665156, at *1 (S.D. Fla. June 19, 2017). However, as Defendant points out, the expedited rate was necessary because the Court

requested a copy of the transcript to assist the Court in drafting its Order on Defendant's Motion to Dismiss. ECF No. [56] at 6. As such, the undersigned concludes that the cost of the expedited transcript was reasonably necessary for use in the case. *See U.S. Equal Employment Opportunity Comm'n v. W & O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (transcript costs taxable under §1920 as long as they were "necessarily obtained for use in the case."). Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant "just costs" of $237.12 for the expedited transcript of the oral argument.

### C. Defendant Is Entitled To Costs For Printed Materials.

Defendant seeks $50.28 for copies it made of various documents from the docket of this action for use at oral argument. ECF No. [56] at 7. Costs of photocopies are generally recoverable if the copies were necessarily obtained for use in the case. *W & O Inc.*, 213 F.3d at 621-22. Plaintiff argues that the Court should deny these costs because the copies were made for the convenience of counsel. ECF No. [55] at 7. Defendant asserts that "the Court benefitted from having a hard copy affidavit, and the benefit of the printed case materials to Plaintiff was evident." *Id*. at 6. The undersigned agrees.

At the oral argument, the Court asked Plaintiff's counsel for a copy of Plaintiff's affidavit, which Plaintiff's counsel referred to during his argument. This affidavit was one of the documents that Defendant photocopied for use at the hearing. Plaintiff's counsel did not have a copy, and thus Defendant provided the Court with its copy of Plaintiff's affidavit. *Id*. at 7-8. Given that the photocopies were, in part, provided to the Court, the undersigned concludes that they were necessarily obtained for use in the case. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("The costs associated with copying documents for the purpose of providing

8

them to the court … are reimbursable") (citation omitted). Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant "just costs" of $50.28 for photocopies.

### D. Defendant Is Entitled To The Cost Of Translating The Letter From The German Department Of Justice.

Defendant seeks $250.00 for the cost of translating the letter from the German Department of Justice which Defendant attached to its Motion to Vacate Entry of Clerk's Default. ECF Nos. [52] at 7; [52-1] at 14. Plaintiff argues that this cost is not recoverable because it has "absolutely nothing to do with Defendant's Motion to Dismiss" and "provide[d] no apparent value to this lawsuit." ECF No. [55] at 8. Plaintiff's argument overlooks the role that the German Department of Justice's letter played in resolution of Defendant's Motion to Vacate.

In its Motion to Vacate, Defendant argued that the letter "confirm[s] that a certificate of service has not been issued and … [that] no certificate of service [will be] issued until the appeal is resolved." ECF No. [13] at 8. The Court relied upon this argument in its Order Granting Motion to Set Aside Clerk's Default when concluding that Plaintiff had not completed service under the Hague Convention. ECF No. [21] at 4-5. Translation services that are reasonably necessary for use in the case are recoverable. *See Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-cv-22694, 2023 WL 2388272, at *4 (S.D. Fla. March 7, 2023) (translation and interpretation services "were reasonably necessary in the prosecution of Plaintiff's case and, as such, are recoverable under § 1920.") (citation omitted). Given that the Court vacated the Clerk's Default based, in part, upon the letter from the German Department of Justice, and that vacatur paved the way for the Court's ultimate dismissal of this action for lack of personal jurisdiction, the undersigned concludes that translation of the letter was necessary. Accordingly, the undersigned **RECOMMENDS** that the Court award Defendant $250.00 in just costs for translation services.

IV.   **CONCLUSION**

Based on the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motion for Costs, ECF No. [52], be **GRANTED IN PART AND DENIED IN PART,** and Defendant be awarded **$537.40** in just costs pursuant to 28 U.S.C. § 1919.

IV. **OBJECTIONS**

A party shall serve and file written objections, if any, to this report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.   Failure to timely file objections will bar a de novo determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.' 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on August 21, 2023.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**